Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Chrome Hearts LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHROME HEARTS LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK JACKAL DESIGNS LIMITED dba DOGSTONE LONDON; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**1.   TRADEMARK INFRINGEMENT**<br><br>**2.   FALSE DESIGNATIONS OF ORIGIN AND FALSE DESCRIPTIONS**<br><br>**3.   UNFAIR COMPETITION IN VIOLATION OF CA BUS. & PROF. CODE § 17200, et seq.;**<br><br>**4.   COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Chrome Hearts LLC for its claims against Defendant Black Jackal Designs Limited dba Dogstone London respectfully alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff files this action against Defendant for trademark infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims under the statutory and common law of

1 the State of California.  This Court has subject matter jurisdiction over the Federal

2 trademark infringement claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

3        2.      This Court has supplemental jurisdiction over the claims in this

4 Complaint which arise under state statutory and common law pursuant to 28 U.S.C. §

5 1367(a), since the state law claims are so related to the federal claims that they form

6 part of the same case or controversy and derive from a common nucleus of operative

7 facts.

8        3.      This Court has personal jurisdiction over Defendant because Defendant

9 conducts business within this judicial district.

10        4.      This action arises out of wrongful acts, including advertising, offering for

11 sale, selling and distributing products by Defendant within this judicial district.  Venue

12 is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise

13 in this district.

14                              **THE PARTIES**

15        5.      Plaintiff Chrome Hearts LLC ("Chrome Hearts") is a limited liability

16 company organized and existing under the laws of the state of Delaware, with an office

17 and principal place of business at 915 North Mansfield Avenue, Los Angeles,

18 California 90038.

19        6.      Upon information and belief, Defendant Black Jackal Designs Limited,

20 doing business as Dogstone London, is a private limited company existing under the

21 laws of England and Wales with an office and principal place of business at Unit 2 –

22 Twelve Trees Business Park, Twelve Trees Crescent, London, E3 3JQ.

23        7.      Chrome Hearts is unaware of the names and true capacities of Defendants,

24 whether individual, corporate and/or partnership entities named herein as DOES 1

25 through 10, inclusive, and therefore sues them by their fictitious names.  Chrome

26 Hearts will seek leave to amend this complaint when their true names and capacities

27 are ascertained.  Chrome Hearts is informed and believes and based thereon alleges

28 that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible

1  for the wrongs alleged herein, and that at all times referenced each was the agent and

2  servant of the other Defendants and was acting within the course and scope of said

3  agency and employment.

4      8.      Chrome Hearts is informed and believes, and based thereon alleges, that

5  at all relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or

6  reasonably should have known of the acts and behavior alleged herein and the damages

7  caused thereby, and by their inaction ratified and encouraged such acts and behavior.

8  Chrome Hearts further alleges that Defendant and DOES 1 through 10, inclusive, have

9  a non-delegable duty to prevent or cause such acts and the behavior described herein,

10  which duty Defendant and DOES 1 though 10, inclusive, failed and/or refused to

11  perform.

12            **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

13      **A.      The Chrome Hearts Brand and its Marks**

14      9.      Chrome Hearts has been designing, manufacturing, and selling artistically

15  styled leather goods, apparel, jewelry, and accessories since 1988.

16      10.      Chrome Hearts sells a wide variety of quality artistic products, including

17  leather pants, leather jackets, leather vests, sterling silver jewelry, including necklaces,

18  bracelets, rings and wallet chains, belt buckles and a wide collection of other products,

19  including its recent line of custom, one-of-a-kind furniture.

20      11.      Chrome Hearts pioneered the idea of combining the look of rugged

21  apparel with fashion attire to make fashion apparel and accessories.  All of Chrome

22  Hearts' leather products are adorned with sterling silver hardware, including all of the

23  buttons and ornamental pieces.  Chrome Hearts further pioneered the look of suede

24  inlay designs in connection with leather clothing.

25      12.      Entertainers, such as Cher, Billy Idol, Aerosmith, Lenny Kravitz, Guns N'

26  Roses, Seal, Madonna, Keith Richards, Danny Glover, Sting, Gloria Estefan, Christy

27  Turlington, Naomi Campbell and Sharon Stone can all be seen in Chrome Hearts'

28  fashions.  Chrome Hearts products are sold in the exclusive CHROME HEARTS

stores throughout the world and in select specialty stores, such as Browns of London and the United Arrows and Intellectual Galleries boutiques in Japan.

13.     In 1993, the Council of Fashion Designers of America ("CFDA") presented Chrome Hearts with an unsolicited award as designer of the year for its innovated accessories and jewelry designs.

14.     Virtually all Chrome Hearts® products, including clothing, denim, and jewelry, are handmade in Los Angeles by Chrome Hearts' craftsmen.   The level of expert workmanship exercised by these individuals is superior and conforms with the strict standards established by Chrome Hearts.

15.     Works designed by Chrome Hearts have been praised and recognized in numerous articles appearing in both trade publications and publications directed to the general public around the world, including articles in the United States, Germany, Japan and France.  These articles have acclaimed the high artistry, fashion and style of Chrome Hearts' designs and the uniqueness of the designs.

16.     Chrome Hearts is the owner of the word/mark "Chrome Hearts" and various composite trademarks comprising the Chrome Hearts mark and assorted design components (hereinafter collectively the "Chrome Hearts Marks").

17.     Chrome Hearts' most iconic and well recognized trademarks include, but are not limited to, the following trademark registrations:

| Mark | U.S. Registration No(s). | Goods/Services |
|---|---|---|
|  CH Plus Mark | 3,385,449 | Jewelry, namely, bracelets, rings, watch bands, necklaces and lighters made of precious metals |
| | 3,365,408 | Retail store services in the field of jewelry, clothing, handbags, eyewear, home furnishings, bed linen and toys. |

4

| | 3,605,860 | Jewelry, namely, rings, earrings, pendants, necklaces, bracelets, cuff bracelets, cuff links, watch bracelets and key rings made of precious metals |
|---|---|---|
| CH Cross Mark | | |

18.     Registrations for many of the Chrome Hearts Marks, including those set forth above, are valid, subsisting and are incontestable.  Through longstanding use, advertising, and registration, the Chrome Hearts Marks have achieved a high degree of consumer recognition and constitute famous marks.

19.     Chrome Hearts has continuously used the Chrome Hearts Marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods since their respective dates for first use.

20.     The Chrome Hearts Marks have come to identify, in the United States and throughout the world, high quality leather fashions, jewelry and accessories designed and manufactured by Chrome Hearts.

21.     Due to Chrome Hearts' long use, extensive sales, and significant advertising and promotional activities, the Chrome Hearts Marks have achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

**B.     Defendant's Infringing Conduct**

22.     Upon information and belief, Chrome Hearts hereon avers that Defendant has manufactured, designed, advertised, marketed, distributed, offered for sale, and/or sold various styles of jewelry, including bracelets, pendants, and rings, that infringe upon one or more of the Chrome Hearts Marks ("Infringing Products").

23.     Defendant's products, including the Infringing Products, can be purchased from Defendant's website - www.dogstonelondon.com - which is accessible to customers worldwide, including those within this judicial district.  Exemplars of

Infringing Products purchased from www.dogstonelondon.com and shipped to this judicial district are shown below:

 

  

24.     Defendant has never been authorized by Chrome Hearts to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing any of Chrome Hearts' trademarks.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement Under the Lanham Act - 15 U.S.C. § 1114)**

25.     Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

26.     Chrome Hearts' Chrome Hearts Marks are nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and coming from Chrome Hearts.

27.     The registrations embodying the Chrome Hearts Marks are in full force and effect and have been used continuously since their respective first dates of use.

28.     Defendant's unauthorized use of the Chrome Hearts Marks in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized,

licensed by or otherwise connected with Chrome Hearts or come from the same source as Chrome Hearts' goods and are of the same quality as that assured by the Chrome Hearts Marks.

29.   Defendant's use of the Chrome Hearts Marks is without Chrome Hearts' permission or authority and in total disregard of Chrome Hearts' rights to control its trademarks.

30.   Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Chrome Hearts has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Chrome Hearts.

31.   Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure Chrome Hearts and reap the benefit of Chrome Hearts' goodwill associated with Chrome Hearts' trademarks.

32.   Defendant's acts violate the Lanham Act.

33.   As a direct and proximate result of Defendant's willful and infringing conduct, Chrome Hearts has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing Chrome Hearts' trademarks.

34.   Chrome Hearts has no adequate remedy at law.

35.   In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendant from using any of the Chrome Hearts Marks, and/or any marks identical and/or confusingly similar thereto, and to recover from Defendant all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (False Designations of Origin and False Descriptions – 15 U.S.C. § 1125(a))

36.    Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

37.    Defendant's unauthorized use of the Chrome Hearts Marks on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Chrome Hearts or come from the same source as Chrome Hearts' goods when in fact they do not.

38.    Defendant's use of the Chrome Hearts Marks is without Chrome Hearts' permission or authority and in total disregard of Chrome Hearts' rights to control its trademarks.

39.    Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Chrome Hearts has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Chrome Hearts.

40.    Chrome Hearts has no adequate remedy at law.

41.    In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendant from using any of the Chrome Hearts Marks, and/or any marks identical and/or confusingly similar thereto, and to recover from Defendant all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

/ / /

/ / /

PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## THIRD CLAIM FOR RELIEF

### (Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq.)

42.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

43.     The Chrome Hearts Marks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

44.     Through prominent, long, and continuous use in commerce, the Chrome Hearts Marks have become and continue to be famous and distinctive in the State of California.

45.     Defendant's misappropriation of the Chrome Hearts Marks was intended to capitalize on Chrome Hearts' goodwill for Defendant's own pecuniary gain.

46.     Defendant's unauthorized use of the Chrome Hearts Marks dilutes the distinctive quality of the Chrome Hearts Marks and decreases the capacity of such marks to identify and distinguish Chrome Hearts' products and has caused a likelihood of harm to Chrome Hearts' business reputation.

47.     By the acts described above, Defendant has caused and will continue to cause irreparable injury to Chrome Hearts' goodwill and business reputation, in violation of Cal. Bus. & Prof. Code § 17200 et seq.

48.     Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which he is not in law or equity entitled.

49.     Defendant is liable to Chrome Hearts for all damages, whether direct or indirect, for the misappropriation of Chrome Hearts' trademarks, reputation and goodwill, which damages are subject to trebling.

50.     Upon information and belief, Defendant has continued and intends to continue its infringing acts unless restrained by this Court.

51.     Defendant's acts have damaged and will continue to damage Chrome Hearts, and Chrome Hearts has no adequate remedy at law.

52.    In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendant from using the Chrome Hearts Marks, to recover all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of Defendant's infringing acts alleged above; to recover all gains, profits and advantages obtained by Defendant's as a result thereof, in an amount not yet known; and to recover the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

53.    Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

54.    Chrome Hearts owns and enjoys common law trademark rights to the Chrome Hearts Marks in California and throughout the United States.

55.    Defendant's misappropriation of Chrome Hearts' common law trademarks was intended to capitalize on Chrome Hearts' goodwill for Defendant's own pecuniary gain.  Chrome Hearts has expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of Marks.  As a result of Chrome Hearts' efforts, Defendant is now unjustly enriched and is benefiting from property rights that rightfully belong to Chrome Hearts.

56.    Defendant's unauthorized use of the Chrome Hearts Marks has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Chrome Hearts.

57.    Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Chrome Hearts.

58.    Defendant's acts constitute unfair competition under California common law.

59.    Chrome Hearts has been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's infringing activities unless Defendant is permanently enjoined from its infringing conduct.

60.   The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Chrome Hearts in reckless disregard of Chrome Hearts' rights. Said conduct was despicable and harmful to Chrome Hearts and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendant and to deter them from similar such conduct in the future.

61.   Chrome Hearts has no adequate remedy at law.

62.   In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendant from using the Chrome Hearts Marks, and to recover all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain and all gains, profits and advantages obtained by Defendant as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Chrome Hearts respectfully prays that this Court enter judgment in its favor and against Defendant as follows:

1.   For entry of an ORDER granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendant, his officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

(a)   manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Infringing Products and/or any other products that bear the Chrome Hearts Marks, or any other marks confusingly similar thereto;

(b)   engaging in any other activity constituting unfair competition with Chrome Hearts, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Chrome Hearts;

(c)   committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant is licensed by,

PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

authorized by, offered by, produced by, sponsored by, or in any other way associated with Chrome Hearts;

2.     For entry of an ORDER directing Defendant to recall from any distributors and retailers and to deliver to Chrome Hearts for destruction, or other disposition, all remaining inventory of the Infringing Products, in addition to any other goods that infringe upon Chrome Hearts' rights to the Chrome Hearts Marks, including all advertisements, promotional and marketing materials therefore, as well as means of making same in their possession or under their control;

3.     For entry of an ORDER directing Defendant to disclose its supplier(s) and manufacturer(s) of the Infringing Products and provide all documents, correspondence, receipts, and invoices associated with the purchase of the Infringing Products;

4.     For entry of an ORDER for an accounting by Defendant of all gains, profits, and/or advantages derived from their infringing acts;

5.     For entry of an ORDER directing Defendant to file with this Court and serve on Chrome Hearts within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

6.     For an assessment of the damages suffered by Chrome Hearts, trebled, and an award of all profits that Defendant has derived from using the Chrome Hearts Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, that Chrome Hearts be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $2 million per trademark counterfeited and infringed, per type of good;

7.     For an award of applicable interest amounts, costs, disbursements, and/or attorneys' fees;

8.     For an award of profits, damages, and fees to the full extent available, and punitive damages to the full extent available in connection with its claims under California law; and

9.     Such other relief as may be just and proper.


Dated:  August 29, 2014                    BLAKELY LAW GROUP

                                           By: _____
                                              Brent H. Blakely
                                              Cindy Chan
                                              *Attorneys for Plaintiff*
                                              *Chrome Hearts LLC*


## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Chrome Hearts LLC hereby demands a trial by jury as to all claims in this litigation.


Dated:  August 29, 2014                    BLAKELY LAW GROUP

                                           By: _____
                                              Brent H. Blakely
                                              Cindy Chan
                                              *Attorneys for Plaintiff*
                                              *Chrome Hearts LLC*

PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF